Clara CRUTCHFIELD, Plaintiff,

v.

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT and Truett McCurry, Defendants.**

Nos. LR–C–85–501, LR–C–84–598.

United States District Court, E.D. Arkansas, W.D.

Nov. 13, 1986.

Morris Thompson, Little Rock, Ark., for plaintiff.

Wright, Lindsey & Jennings, Little Rock, Ark., for defendants.

## ORDER

HENRY WOODS, District Judge.

There are a number of pending motions in this case. Initially, the Court hereby grants the plaintiff's motions to dismiss her claims under 42 U.S.C. § 1981 and her pendent state claim for intentional infliction of emotional distress. Additionally, plaintiff's motion to dismiss defendant Bonnie Shearer is granted and she is hereby dismissed.

Defendants have pending motions for partial summary judgment, a motion for summary judgment for Bob Lester, and a motion to dismiss defendant Truett McCurry.

■ Plaintiff's pendent state claims were first mentioned in her amended complaint filed on June 26, 1986. The remaining state claims are for misrepresentation and breach of contract. The applicable statutes of limitations bar both of these claims. The Arkansas statute governing the tort of misrepresentation sets the limit at three years. Ark.Stat.Ann. § 37–206. The Court assumes that the plaintiff's charge of misrepresentation refers to the alleged promise of defendant McCurry to give her a teacher's contract. The latest possible date of any such promise would have been prior to November of 1982 when the plaintiff alleges McCurry told her that he recommended non-renewal of her contract. Thus, the claim is time barred.

■ The breach of contract claim is, likewise, barred. If that claim is based on her written contract, then her amended complaint fails to state facts upon which relief can be granted. The record is totally lacking any hint that her written paraprofessional contract was breached. If the "contract" referred to an oral promise by McCurry to hire her as a teacher, then like the misrepresentation claim, it is time barred, since Ark.Stat.Ann. § 37–206 provides for a three-year statute of limitation for oral contracts.

■ The plaintiff's Title VII claims are for sex discrimination and for retaliation. Defendants do not seek summary judgment on the retaliation claim. Plaintiff alleges that a male with less tenure was hired instead of her. However, this occurred by all accounts in September of 1982. Plaintiff's EEOC charge complaining of sex discrimination was filed in May, 1983. The plaintiff's EEOC charge was, therefore, not timely and her 42 U.S.C. § 2000e claim of sex discrimination is barred.

■ However, discrimination on the basis of sex is constitutionally prohibited by the equal protection clause of the fourteenth amendment to the United States Constitution. Therefore the plaintiff may maintain her 42 U.S.C. § 1983 cause of action based on her allegation of sex discrimination. Title VII does not preempt other remedies, such as 42 U.S.C. § 1983, for employment discrimination so long as there is a federally protected right involved independent of Title VII. *Johnson v. Railway Express*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). As noted, the Equal Protection guarantee of the fourteenth amendment supplies the independent underlying claim in this case. *Day v. Wayne County Board of Auditors*, 749 F.2d 1199 (6th Cir.1984).

■ There remains the claim made pursuant to 29 U.S.C. § 621 *et seq.* (ADEA). The ADEA is the functional equivalent of

Title VII for cases involving unlawful discrimination on the basis of age. *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979); *Lorrillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). The ADEA is remedial in nature and, as such, should be liberally construed. *Oscar Mayer, supra.*

The defendant contends that the plaintiff's EEOC charge was not timely. Apparently in September, 1982, the plaintiff complained of having responsibilities of a teacher with the compensation of a paraprofessional, which was substantially less. After her complaint, Laura Smith, a 23–year-old paraprofessional, was brought in to teach the third grade class the plaintiff had been responsible for up to that point. Ms. Smith apparently taught the class until January while remaining under her paraprofessional contract. While Ms. Smith temporarily taught the class, both she and the plaintiff applied for the permanent teacher's position.

Defendant would have the 180–day limit begin to run from September, 1982. But it was not until January, 1983 that the position was permanently filled. *See Gates v. Georgia-Pacific Corp.*, 492 F.2d 292 (9th Cir.1974).

Defendant also argues that "failure to hire" was not mentioned in the EEOC complaint and further argues that the plaintiff was never "discharged" within 180 days of the EEOC charges.

■ Defendant's arguments are hypertechnical and ignore the intent of the ADEA. Clearly the ADEA should be liberally construed. Plaintiff's EEOC charge—filed within 180 days of January, 1983—complains that a 23–year-old had "replaced" her. Defendants contend that the plaintiff referred to the September temporary "replacement," thus making her EEOC charge untimely. Yet an interpretation equally as plausible is that the plaintiff was referring to the permanent replacement in January, 1983.

However, the plaintiff's problems do not end with a finding that her EEOC charge

was timely. 29 U.S.C. § 626(e) requires that suit be filed within two years (or three for a "willful" violation) of the alleged violation. The ADEA was not mentioned in plaintiff's original complaint. In fact, the ADEA claim was not mentioned until June, 1986 when plaintiff filed her amended complaint. Even if the defendant's conduct were "willful," the claim is time barred. This is apparent even if the January, 1983 incident is used to start the statute's running.

Although plaintiff's complaint makes reference to § 1983 claims based on the first amendment, and based on the due process clause, the defendants correctly conclude that there is nothing in the complaint which states a claim under either of these theories. Clearly, the plaintiff's complaints about her contract do not rise to the level of activity protected by the first amendment. *Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). Plaintiff's contract with the defendant is certainly not a matter of public concern.

Likewise, there is simply nothing in plaintiff's complaint to make out a due process claim. Plaintiff fails to state how the process afforded her was deficient. *See Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

■ It is unclear to the Court whether defendant Lester is sued in his individual or official capacity, or both. At any rate, defendant Lester has no individual liability for the § 1983 claim since the complaint fails to state how he was involved in the incidents which occurred in 1982. In fact, he was apparently not even the superintendent of the Pulaski County Special School District until 1984. There is, quite simply, nothing in the complaint on which to hold him liable in his individual capacity. Of course, there is no reason for Lester to be sued in his official capacity since the school district can be sued directly. Therefore, defendant Lester is dismissed from this case.

■ Defendant McCurry is not alleged to have been liable for the Title VII retalia-

tion claim. Accordingly, he is dismissed from that claim. He remains liable in his individual capacity on the § 1983 claim of sex discrimination.

Accordingly, defendants are hereby granted partial summary judgment. The state claims are dismissed; the Title VII sex discrimination claim is dismissed; defendant Lester is dismissed; and defendant McCurry remains a defendant only for purposes of the § 1983 sex discrimination claim.